EARL WATKINS v. STATE.

No. A-2658.    Opinion Filed June 9, 1917.

(165 Pac. 621.)

**INTOXICATING LIQUORS—Unlawful Conveyance—Intent.** It is unlawful for any person to convey from place to place within this state intoxicating liquors which said person has previously purchased within this state, and it is immaterial whether the person so purchasing such liquor and conveying the same intended to use such liquor lawfully or unlawfully. Intent is not a material ingredient of the offense of conveying intoxicating liquors.

*Appeal from County Court, Oklahoma County;*
*Wm. H. Zwick, Judge.*

Earl Watkins was convicted of unlawfully conveying intoxicating liquors, and he appeals.   Affirmed.

*Charles H. Ruth* and *Geo. P. Glaze,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

. PER CURIAM.   There is no dispute in the testimony in this case.   The evidence on the part of the state is to the effect that the appellant was seen riding in a Ford car from the home of his brother at 228 East Fifth street, in Oklahoma City, to his own residence at 320 East Third street.   When he drove up to the latter residence a city detective and a city attorney in another car came up to him and asked him if he had any whisky with him.   He replied that he did not, but, upon search, a half pint bottle of whisky was found in his hip pocket wrapped up in a handkerchief.   This bottle was unopened.   Another city detective who had been stationed at 228 East Fifth street had, just before that time, seen the appellant leave that place in the automobile.   He came from that direction at the time he was accosted and the whisky discovered. The appellant took the witness stand in his own behalf and testified that he had bought this whisky some two or three hours before he was apprehended from a negro porter at the corner of Third and Broadway in Oklahoma City, and had carried it with him in his pocket around over town to various places up until the time of his arrest.   Upon his own statement he is clearly guilty of a violation of the law.

It is contended that there was error committed by the trial court in permitting the court stenographer to

read from his stenographic notes certain testimony given by this defendant at another trial covering this transaction which was instituted on behalf of the city of Oklahoma City. Various grounds are asserted why this evidence should not have been permitted to be introduced, but, in view of the fact that the defendant himself took the witness stand and testified to exactly the same state of facts disclosed in the previous proceeding, if there had been error in its introduction, it was cured by his subsequent testimony.

It is also contended that the court erred in giving the following instruction:

"You are instructed that by the term 'lawful purchase,' as used in these instructions, is meant the purchase of intoxicating liquors from a point outside of the State of Oklahoma, to be shipped to a place within the State of Oklahoma, which purchase would be an interstate shipment and in which event the purchaser would have a lawful right to carry or transport said intoxicating liquors from the office of the common carrier at its destination, to his home or place of business."

In view of the testimony of the defendant that he got the liquor from a bootlegger in Oklahoma City, the giving of this instruction was perhaps unnecessary in this case irrespective of the fact of whether or not it is a correct definition of a lawful purchase under our Constitution and laws. This case was not defended upon the theory that the appellant was conveying a lawful purchase of liquor, but upon the theory that, having purchased it for his own use, although unlawfully, he had a right to convey the same from place to place. Such is not the law of this state. The testimony of the defendant amounts virtually to a plea of guilty, and it would be a travesty upon jus-

tice to reverse a judgment in the face of his own testimony.

It is argued that, if the construction is given to the statutes that, before a person will be permitted to convey intoxicating liquors from place to place in this state, he must purchase the same outside of the state, and have them shipped to him by means of interstate commerce, one neighbor could not borrow whisky from another for medicinal purposes and carry it to his home. Argument of that kind might appeal to the court where such a state of facts existed, but this is not a case of that kind. If a man may purchase a half pint of whisky from a bootlegger and carry it indiscriminately from place to place within this state, he may purchase a quart, or a gallon, or five gallons, or any other quantity, and carry it about with him over the state. The purpose of our prohibitory statutes goes to absolutely destroy the manufacture, sale, and trafficking in intoxicating liquors within the boundaries of this state, and incidental to the destruction of that traffic, the Legslature saw fit to make it a crime for any person to carry about with him any liquor so unlawfully purchased. It is no defense that he has purchased such liquor for his own use, and does not intend to dispose of it. When he purchases liquor in this state he does so at his own peril, and if he is caught in the act of conveying same he is guilty of crime.

The judgment is affirmed.