## W. · C. GILLILAND v. STATE.

No A-3039.  Opinion Filed April 15, 1919.

(179 Pac. 786.)

1. **INTOXICATING LIQUORS—Contents of Bottle—Presumption and Burden of Proof—Government Label.** The label upon a bottle required by the Pure Food Laws of the United States (U. S. Comp St. secs. 8717-8728), stating the component parts of the contents of said bottle, is presumptive evidence of what the bottle contains, and such bottle, contents, and label thereon may be legally introduced in evidence in prosecution for a violation of the prohibitory liquor laws of this state, ·and, if not rebutted, such evidence is prima facie sufficient to establish the character of the contents of such bottle in so far as the statement contained in said labels is required by law.

2. **TRIAL—Abstract Instructions—Refusal.** Requested instructions, though stating a correct proposition of law, are properly· refused, when not applicable to any evidence in the case.

3. **INTOXICATING LIQUORS—Unlawful Transportation—Intent.** It is entirely immaterial with what intention an unlawful purchase of prohibited liquors is transported ·from one to another place in this state, and it is not a defense to a prosecution for transporting such liquors that the party transporting them intends to use such liquors for a lawful purpose.

*Appeal from County Court, Garvin County;*
*J. D. Mitchell, Judge.*

W. C. Gilliland was convicted of violating the prohibitory liquor laws, and he appeals. Affirmed.

*Carr & Henderson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Plaintiff in error, W. C. Gilliland, hereinafter referred to as defendant, was by information prosecuted "for unlawfully and willfully conveying from a place in Garvin county to another place therein an imitation and substitute for malt, spirituous, vinous, and fer-

mented liquors, to wit, Jamaica ginger," convicted and sentenced to pay a fine of $50, and to be confined in the jail of Garvin county for 30 days and until said fine and costs are paid as provided by statute. To reverse the judgment rendered he prosecutes this appeal.

Defendant in his petition in error assigned various errors, but in his brief specifically states that he abandons all assignments of error except two: (1) That there is not sufficient evidence to warrant a conviction; (2) refusal of the court to give requested instructions numbered 1 and 2. And we will therefore confine our review to said assigned errors.

The undisputed evidence in the case is that the defendant was engaged in conducting a country store about 2 or 3 miles from a schoolhouse in Garvin county, Okla., and that on or about October 31, 1915, a deputy sheriff was at said schoolhouse for the purpose of arresting negroes who were gathering there to engage in gambling; that the defendant, who resided about 2½ miles from his store, came to where said deputy sheriff was, carrying a sack, and put down said sack and sat upon it; that one of the negroes present said they were his groceries and he believed he would go home, and pulled the sack from under the defendant and started off with the sack; that the officer followed the negro, and the negro set the sack down, which the officer took possession of, and found that the sack contained bottles containing a liquor which said bottles were labeled "Jamaica ginger, and contains 51 per cent. of alcohol," and stating that such label was in compliance with the Pure Food Laws of the United States (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. secs. 8717-8728]), and some of said bottles so labeled were introduced in evidence. There was also evidence, intro-

duced without objection, other than the bottles and the labels thereon, that the contents of the bottles which the defendant was transporting was Jamaica ginger. The defendant did not offer any evidence in the case.

Upon the conclusion of the evidence, the defendant requested the court to instruct the jury to return a verdict of acquittal of defendant, which the court refused to do, and the defendant excepted.

Thereupon the defendant requested the court to give the jury the following instructions:

No. 1. "You are further instructed that Jamaica ginger being sometimes used for medical purposes, a person has a right to have the same in his possession or convey the same from one place in the state of Oklahoma to another place, to be used as medicine."

No. 2. "You are further instructed that the burden of proof is upon the state to prove that the defendant in this case conveyed Jamaica ginger to either barter, sell, or give away, or to use the same as a substitute for spirituous liquors; and if you are not satisfied from the evidence and beyond a reasonable doubt that the defendant conveyed said Jamaica ginger for the purpose of using the same as a substitute for vinous and malt liquors, you should acquit him."

The court refused to give each of said instructions, and the defendant separately excepted to said action of the court. The burden was upon the state to establish beyond a reasonable doubt that the defendant was transporting prohibited liquors containing alcohol in excess of one-half of one per cent., measured by volume, to legally convict the defendant.

The evidence was that the bottles in evidence were labeled in accord with the requirements of the Pure Food Laws of the United States, that the contents thereof was

"Jamaica ginger, and that it contained 51 per cent. of alcohol," and it was presumptive evidence that said labels on said bottles correctly stated the contents thereof, and this presumption the defendant did not attempt to rebut, and, there being undenied evidence that the defendant was caught in the act of transporting said bottles of Jamaica ginger from a place to another place in Garvin county, at the time charged in the information, there was sufficient evidence to show the defendant's guilt of transporting liquors in violation of the prohibitory liquor laws of the state, and the court did not err in refusing to direct the jury to return a verdict of acquittal for the defendant.

Requested instruction No. 1 was abstract, because there is no evidence that the defendant had the said Jamaica ginger for medical purposes, and was properly refused.

It is entirely immaterial for what purpose the prohibited liquor was being transported, the law prohibiting its transportation for any purpose, except the liquor so transported was a legal purchase, as to which there is no evidence in the case, and the court did not err in refusing to give requested instruction No. 2.

In *Earl Watkins v. State*, 13 Okla. Cr. 507, 165 Pac. 621, it is held:

"It is unlawful for any person to convey from place to place within this state intoxicating liquors which said person has previously purchased within this state, and it is immaterial whether the person so purchasing such liquor and conveying the same intended to use such liquor lawfully or unlawfully. Intent is not a material ingredient of the offense of conveying intoxicating liquors."

There was no merit in the motion for a new trial, and the same was properly overruled.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.