# JINKS McGILL v. STATE.

No. A-3095—Opinion Filed December 6, 1919.

Rehearing Denied January 12, 1920.

(185 Pac. 530.)

1.  **APPEAL AND ERROR—Exceptions—Necessity.** Errors to which no exceptions were taken in the court below, and not fundamental in character, will not be considered on appeal.

2.  **SAME—Petition in Error.** Questions not jurisdictional in character must be properly raised in the trial court and decided adversely to the appellant, and then presented in this court by petition in error.

3.  **INDICTMENT AND INFORMATION—Sufficiency—Time to Object.** Where the defendant goes to trial, and for the first time objects to the information or indictment when the state attempts to introduce evidence thereunder, the objection to the sufficiency of the information or indictment will be overruled, if by any intendment or presumption the information or indictment can be sustained.

4.  **APPEAL AND ERROR—Intoxicating Liquors—Modification of Judgment—Erroneous Admission of Evidence.** In a prosecution for unlawfully conveying intoxicating liquors, the intention of the defendant to use such liquors either lawfully or unlawfully is immaterial, and evidence bearing upon such question should not be admitted. In view of the erroneous admission of evidence on the question of defendant's intent to use the liquors conveyed unlawfully, which probably resulted in the infliction of a penalty more severe than would have otherwise been inflicted, the judgment of the trial court is modified, and affirmed as modified.

*Appeal from County Court, Logan County;*
*John D. Chappelle, Judge.*

Jinks McGill was convicted of unlawfully conveying intoxicating liquor, and he appeals. Modified and affirmed.

*William J. Armstrong (J. W. Barry, on the brief),* for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

MATSON, J.   It is first contended that the information does not state facts sufficient to constitute an offense under the laws of the state.

The charging part of the information is as follows:

"The said Jinks McGill did then and there unlawfully, willfully, knowingly, and *intentionally* convey certain spirituous liquor, to wit, 2½ pints of whisky, in half-pint bottles, from one place within the state of Oklahoma to another place therein, to wit, *from a place unknown to affiant to* 420 S. Second street, in the city of Guthrie, Logan county, Oklahoma, by then and there hauling said whisky in an Overland car," etc.

Counsel for plaintiff in error contend that the information is deficient in that it alleges the place from which the liquor was conveyed to be absolutely unknown, and hence that it does not with sufficient certainty charge whether the liquor was conveyed from a point within the state or from one without the state.

The statute requires the conveyance to be from some place within the state to another place therein, and this court has heretofore held that it is necessary to designate the particular places from which and to which the liquor was conveyed, if known to the informant or the grand jury, or else, if the places are unknown to either the informant or the grand jury, that fact must be stated in the information or indictment; but, in either event, the allegations of the information or indictment must be certain and direct as to the fact that the conveyance was from some point within the state to another point therein, although the particular points may have been unknown at the time of

the filing of the information or the return of the indictment.

No demurrer was interposed to the foregoing information in the trial court. Counsel for defendant interposed an objection to the introduction of evidence on the ground that the information "did not state facts sufficient to constitute a cause of action against the defendant, and for the further reason that it did not charge that the defendant intended to violate the prohibitory law."

The alleged insufficiency of the information was not set up as a ground for new trial in the lower court; neither is said alleged error incorporated in the petition in error filed in this court.

This court has repeatedly held that "errors to which no exceptions were taken below, and not fundamental in character, will not be considered on appeal." *Stack et al. v. State*, 4 Okla. Cr. 1, 109 Pac. 126; *Looling et al. v. State*, 3 Okla. Cr. 491, 106 Pac. 982.

Also that this court is only authorized to consider and decide such questions as are presented by the petition in error unless they are jurisdictional. *Morrison v. State*, 7 Okla. Cr. 243, 123 Pac. 169; *Walker v. State*, 6 Okla. Cr. 370, 118 Pac. 1105.

Further, it has been held by this court that where defendant "goes to trial, and for the first time objects to the information or indictment when" the state attempts "to introduce testimony thereunder," or upon appeal, or by habeas corpus, "the objection should be overruled, if by any intendment or presumption the" information or "indictment can be sustained." *Wilsford v. State*, 8 Okla. Cr. 535, 129 Pac. 80; *McDaniel et al. v. State*, 8 Okla. Cr.

209, 127 Pac. 358.; *White v. State*, 4 Okla. Cr. 143, 111 Pac. 1010; *Edwards v. State*, 5 Okla. Cr. 20, 113 Pac. 214.

Applying the rule last above quoted to the charging part of the information in this case, it clearly appears that by intendment of the pleader, from the words employed, that it charges a conveyance from a place unknown within the state to 420 S. Second street, in the city of Guthrie, Logan county, Okla., a place which the courts of this state judicially know to be within the state of Oklahoma.

This alleged assignment of error, therefore, is without merit for each and every one of the reasons above set forth: (1) Because the question was not properly reserved in the lower court; (2) because said question is not presented by the petition in error filed in this court; (3) even if such question had been reserved and properly presented, the information is sufficient to charge the offense as against an objection merely against the introduction of evidence under it.

It is also contended that the lower court erred in the admission of evidence tending to show the reputation of the defendant's home and premises as a place where liquor was generally sold. The particular part of the testimony complained of, as set out in the brief of counsel for the defendant, is as follows:

"Q. What kind of a place does Jinks run down there in the open? (Referring to defendant.)

"By B. F. Garrett: We object to that as incompetent, irrelevant, and immaterial.

"By the Court: He may answer if he knows.

"A. Well, I couldn't testify.

"Q. Was it a store? Did you see what kind of a business he was running openly? A. No business at all. It was just a dwelling house; 420 South Second is just a dwelling house.

"Q. Is that where he lives? (Referring to defendant.) A. Yes, sir.

"Q. Do you know whether the public generally resort there at that place?

"By B. F. Garrett: Objected to as incompetent, irrelevant and immaterial.

"By the Court: Overruled.

"A. Yes, sir.

"Q. Do you know the general reputation of that place as to a place where liquor is sold? A. Yes, sir.

"Q. Is it good or bad? A. Bad."

No objection was taken to the court's action in overruling the objection to the introduction of this evidence. Under the holding of the cases heretofore cited, this court will only consider fundamental errors where no exception to the trial court's ruling was taken.

In the case of *Watkins v. State*, 13 Okla. Cr. 507, 165 Pac. 621, this court held:

"It is unlawful for any person to convey from place to place within this state intoxicating liquors which said person has previously purchased within this state, and it is immaterial whether the person so purchasing such liquor and conveying the same intended to use such liquor lawfully or unlawfully. Intent is not a material ingredient of the offense of conveying intoxicating liquors."

The question of intent to sell or otherwise unlawfully dispose of the liquors conveyed not being a material ele-

ment or ingredient of the offense of conveying intoxicating liquors, the admission of such evidence in this case, over the objection of defendant's counsel, was erroneous. But the defendant interposed a defense which was permitted to go to the jury to the effect that, previously to the time of conveying said liquors, he had bought the same from a bootlegger as medicine for his sick wife and children, and had placed the whisky in his overcoat pocket, had taken the same home, but had forgotten to remove the whisky from his overcoat prior to the time he was arrested. In this connection defendant appears to have been running an automobile, carrying passengers for hire, and he claims to have received a call and gone to answer the same, without removing the whisky from the overcoat, and had no intention to unlawfully convey same. Evidently his family was not in very urgent need of the whisky for medicinal purposes, or else the defendant would not have been so thoughtless. The evidence also shows that the defendant had previously been convicted of bootlegging and of receiving stolen property.

The admission by the defendant that the particular whisky alleged to have been conveyed to him had previously been purchased within the state from one Willie Jones showed conclusively that said whisky did not constitute a lawful purchase within the meaning of the statute prohibiting the conveyance of intoxicating liquors from place to place within the state. *Watkins v. State, supra.*

The particular whisky conveyed by this defendant being the subject of an unlawful purchase, its conveyance from place to place within the state was unlawful, if willfully done, and the question of defendant's intent to use it, either lawfully or unlawfully, was immaterial. The de-

fense interposed was that defendant did not know or intend to convey this whisky which he had previously purchased, although he admits having previously put the same in his overcoat pockets, and did not look to see whether it was there before he started out on his trip in the automobile. The trial court submitted this defense fully and fairly to the defendant in instructing the jury, instructing to the effect that they must find beyond a reasonable doubt that the defendant intended to convey this particular whisky. The instructions were exceedingly favorable to the defendant, and it is clear from the entire record that the jury must have found beyond a reasonable doubt that the defendant not only conveyed an unlawful purchase of liquor, but also that he did the act willfully and intentionally.

The penalty imposed is a fine of $200, and imprisonment in the county jail for a term of 90 days. In view of the erroneous admission of evidence on the question of intent, and in view of the infliction of a severe penalty, it is the judgment of this court that the judgment of the trial court should be modified to provide a fine in the sum of $50, and imprisonment in the county jail for a period of 30 days, the minimum punishment imposed by the law, and the judgment as thus modified is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.