### HARRISON DYER v. STATE.

No. A-4249.   Opinion Filed October 27, 1923.
Rehearing Denied Dec. 4, 1923.
(220 Pac. 69.)

(Syllabus.)

**Appeal and Error—Harmless Error—Evidence.** Where a defendant admits facts that exclude every theory of innocence, amounting to a confession of guilt, incompetent evidence introduced by the state will be deemed harmless.

Appeal from County Court, Bryan County; John Finney, Judge.

Harrison Dyer was convicted of the illegal transportation of intoxicating liquor, and he appeals. Affirmed.

Warren B. Phillips, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the state.

BESSEY, J.   On January 13, 1922, by a verdict of a jury, the plaintiff in error, Harrison Dyer, was found guilty of the illegal transportation of intoxicating liquor, and his punishment fixed at a fine of $150 and confinement in the county jail for a period of 30 days. From the judgment on this verdict he appeals.

The major part of the evidence produced by the state was evidence procured by means of an illegal search and seizure. Following the decision in Gore v. State, 24 Okla. 394, 218 Pac. 545, the admission of this evidence was error.

Notwithstanding this improper testimony, the accused took the stand and admitted his guilt, and the jury could come to no other rational conclusion. The accused testified that he, in company with Pete Smith, drove from his farm to Durant; that in passing through the Caney bottoms he for the first time noticed two bottles of liquor in their dinner bucket, which upon examination they found to be whisky. They drank some of it and proceeded on into Durant, where they were arrested. Defendant stated that he did not know who made them a present of this liquor and that after its discovery he intended to take it to his home for his own use. Quoting from the record:

"Q. Where did you put your dinner bucket when you got through eating dinner? A. Left it in the car.

"Q. This whisky was in the dinner bucket? A. Yes, sir.

"Q. You say somebody came there and put the whisky in it? A. I guess they did.

"Q. You put it in there? A. No, sir.

"Q. Did Pete put it in there? A. I couldn't say; I think not.

"Q. You first saw it at Caney bottom in the car? A. Yes, sir.

"Q. You say you took a drink of it? A. Yes, sir; we both did.

"Q. After you knew it was in there you brought it to Durant? A. Yes, sir.

"Q. You admit transporting it? A. It was in my car, and I come on with it, and we drank some of it.

"Q. You knew it was a violation of the law to transport whisky, didn't you? A. I thought if a man had it he ought to have a right to drink it.

"Q. You told Jim Keirsey and George Baxter the whisky was yours, and you just had it for your own use, didn't you? A. I think I told them that we just had it to drink. That's what I think I said."

The purpose for which liquor is being transported is immaterial. McGill v. State, 16 Okla. Cr. 657, 185 Pac. 530; Watkins v. State, 13 Okla. Cr. 507, 165 Pac. 621.

Under the admissions quoted and others appearing in the record, it appears conclusively that the accused was guilty as charged.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.