## RALPH GILSTRAP et al. v. STATE.

No. A-5200.    Opinion Filed Dec. 19. 1925.
(241 Pac. 829.)

J. B. Drennan and Sam P. Ridings, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Grant county upon a charge of having possession of whisky with intent to sell, the plaintiffs in error, hereinafter called defendants, have appealed.

The defendants argue but one assignment of error; that is, that the court permitted evidence obtained by an unlawful search without search warrant to be admitted against defendants over their objection. The record discloses that on the 20th day of December, 1923, the sheriff and three deputies, without a search warrant, went to the land upon which the defendants resided and made a search of the premises and found some evidence of the manufacture of whisky. They then went to the place of residence of the defendant, found a closed car setting in the yard about 20 feet from the house, which they searched and in which they found some whisky. They then searched the residence and found a milk can which, it was testified, "looked like they had been carrying mash in," and finally the officers closed their search by searching the persons of the defendants. The objection was made, throughout the course of the trial, to the offer of all the evidence obtained by the search; that it had been obtained unlawfully, without a search warrant, which objection was overruled and exceptions taken.

Irrespective of the guilt of the defendants, their con-

stitutional right against unreasonable search as provided in section 30 of the Bill of Rights has been so palpably violated that a conviction based on evidence so obtained cannot be permitted to stand. It is not necessary to again review the law and the authorities upon this point, but see Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Klein v. State, 26 Okla. Cr. 173, 223 P. 201; Dyer v. State, 25 Okla. Cr. 328, 220 P. 69; Foley v. State, 25 Okla. Cr. 112, 219 P. 179.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.