## PROCTOR v WHITE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1377. Decided July 13, 1936

Daniel L. Dwyer, Dayton, for plaintiff in error.

Pickrel, Schaeffer, Harshman & Young, Dayton, for defendant in error.

### OPINION

By THE COURT

Submitted on application for rehearing.

The application is extended and argues persuasively in behalf of a rehearing. We are agreed that all of the inferences drawn by counsel for the plaintiff are permissible under the facts in the case but they are not the only inferences to be drawn. We have heretofore said that it was within the province of the jury to resolve the factual question against the plaintiff. Much is made of the opportunity of defendant in driving his car to have seen the plaintiff for a distance of 35 to 40 feet from the place where she was struck. The defendant, however, was under no obligation as a matter of law to see the plaintiff if she were off the highway. If she were not on the highway, then the question whether or not the defendant should have noted her presence was one of fact and though the defendant may not have seen her, yet the jury could properly have said that he was not negligent in failing to see her. The time when the obligation of the defendant to see the plaintiff arose was when she came onto the highway. If her entrance was so sudden that the defendant did not have the time to change his course or slacken his speed and thereby avoid striking her, exercising the care enjoined upon him by law, then he could not be held to be liable in damages for her injury. This conclusion the jury had a right to draw.

We do not believe that any proper purpose would be served by extended restatement of that which we undertook to say in our former opinion. Under our system in the trial of law cases the jury had wide discretion in the determination of disputed questions of fact and with their conclusions courts are loath to interfere and it is only when their verdict is such as to arrest the attention of the reviewing court and point with marked probability to misinterpretation of the facts that their verdict is disturbed.

The application for rehearing will be overruled.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.