## HUBBARD, ADMX., Plaintiff-Appellant, v CLEVELAND, COLUMBUS AND CINCINNATI HIGHWAY, INC., Defendant-Appellee.

Ohio Appeals, Second District, Franklin, County.

No. 3999. Decided October 20th, 1947.

Herbert & Dombey, Columbus, and John H. Matthews, Columbus, for plaintiff-appellant.

Wiles & Doucher, Columbus, and Howell, Roberts & Duncan, Cleveland, for defendant-appellee.

## OPINION

**By THE COURT**

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio. This is an action for wrongful death, brought by Blanche Hubbard, Administratrix of the estate of Maynard H. Hubbard, her husband, who was killed in a collision between two tractor-trailer outfits. The essential facts appear in the special verdict of the jury.

At the conclusion of plaintiff's case the defendant rested. Upon request of the defendant the Court gave before argument special instructions to the jury. At the conclusion of all the evidence the defendant requested the Court to direct the jury to give a special verdict in writing upon all of the issues which the case presented, as provided by §11420-16 GC. The plaintiff submitted a form of special verdict in narrative form. The form of special verdict submitted by the defendant contained interrogatories.

The special verdict returned by the jury is as follows:

"We the jury in this case, by the concurrence of nine or more of our number, as shown by those signing below, do find the facts in this case, by the greater weight of the evidence as follows:

"On February 15, 1945, about 3:30 o'clock A. M. there was a collision between two trucking outfits on State Highway No. 42 a short distance north of the city of Mansfield, Ohio, as a result of which, Maynard H. Hubbard, the plaintiff's decedent, was killed.

"One of the trucking outfits, consisting of a tractor and one trailer, was driven by said Maynard H. Hubbard, and was traveling on said highway No. 42 in a northerly direction. Said highway No. 42 runs in a north and south direction; it is about 31 feet in width of the improved portion, which is divided into three lanes of traffic at the place of the accident, which lanes are marked by painted lines on the roadway and each lane is about 10 feet in width. The lane on the west side of said highway is for south moving traffic; the lane on the east side is for north moving traffic, and there is a center lane.

"At the time of the collision there was a coating of ice over the improved portion of the roadway. The trucking outfit of the defendant consisted of a tractor and two trailers, was being driven by Jack Finn, an employee of the defendant, he then being engaged upon the business of the defendant, and said trucking outfit was being driven in a southerly direction on said highway No. 42.

"**The plaintiff has not proven that the defendant's tractor or trailers were being operated on the wrong side of the road at the time of collision with the tractor and trailer being driven by Mr. Hubbard.**" (emphasis added)

The Court rendered judgment on the verdict in favor of the defendant. Plaintiff-appellant assigns as error:

"1. That the special verdict failed to find any ultimate facts giving rise to the accident; did not determine proximate cause and was not sufficiently complete upon which a judgment could have been entered.

"2. That the Court of Common Pleas erred in entering judgment in favor of defendant on the special verdict of the jury.

"3. That defendant, by its counsel, was guilty of misconduct in submitting special instructions to the jury dealing with legal principles when they knew that a special verdict in the case would be requested by them.

"4. That defendant, by its counsel, was guilty of misconduct in treating the jury to a lunch.

"5. The Court erred in not more fully submitting the issues of fact to the jury.

"6. For errors apparent on the face of the record."

The appellant in her first assignment of error strongly contends that the jury failed to find any ultimate facts and did not determine proximate cause; that the finding of the jury that the plaintiff failed to prove that the collision occurred "on the wrong side of the road" was a conclusion of law. Sec. 11420-14 GC, provides:

"A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law."

Does the special verdict meet the requirements of §11420-14 GC? The two charges of negligence made against the defendant on which evidence was offered and the case submitted to the jury were: That the defendant "failed to keep said tractor and trailers under control," and, that the defendant "failed to keep said tractor and trailers on its right side of the road, but instead thereof, it came across to the left side of the road and struck the truck operated by plaintiff's decedent near his right curb, being defendant's left side of the road." The highway on which the trucks were traveling was a three-lane highway and properly marked as such. Under the provisions of §6307-33 (b) GC, neither driver was permitted under the law to use the center lane except under certain conditions, which it is conceded do not exist in this case. The plaintiff based her action on the claim that her decedent was traveling north in the east lane of said highway at the time of the collision, and that, if the collision happened on that side of the highway, the defendant's tractor-trailer would have been traveling on the wrong side of the highway. The only place where the collision could have occurred which would have permitted the plaintiff to recover was in the east lane; if the collision occurred in the center or west lane, obviously, under the pleadings and the evidence, the plaintiff had no right of recovery. Throughout the trial the expression "the wrong side of the road" was frequently used to refer to the east or northbound lane of traffic; the location was definite. Under the charge of negligence and the evidence it could mean nothing but

the east lane of traffic. In the form of special verdict submitted by the plaintiff is found this language:

"That defendant's said tractor and two trailers, or a part thereof, thereupon came over onto the **wrong** or its left **side of the road** and into the most easterly lane occupied by the vehicle driven by Maynard Hubbard, deceased." (emphasis added.)

In the special verdict the jury found that the plaintiff did not prove that the collision occurred "on the wrong side of the road"; this was tantamount to a finding that the collision did not occur in the east or northbound lane of traffic as claimed by the plaintiff. This was the ultimate fact which the plaintiff was required to prove in order to recover. In our opinion the finding was not a conclusion of law nor a mixed finding of fact and law.

The jury having found against the plaintiff on the one determinative ultimate fact, the jury had discharged its full duty. No other finding was required. The jury was not required in view of its special finding of fact, to go further and determine the proximate cause. Where there is a judgment for the defendant, proximate cause is not a necessary element of finding in the special verdict. If there is no finding of fact in the special verdict from which the Court could conclude the defendant was negligent, the element of proximate cause is clearly immaterial. In our opinion the jury in its special verdict so presented the essential facts that nothing remained for the Court but to draw from the facts found, conclusions of law. The Court very properly entered a judgment for the defendant on the special verdict.

Was defendant's counsel guilty of misconduct in requesting special instructions when they knew that a special verdict would be required by them? There is no claim made here that the instructions were improper. The error assigned relates to the conduct of counsel. Under §11420-1, **paragraph 5, GC,** either party may request that written instructions be given before argument. The duty to give a proper special instruction is mandatory. **39 O. Jur. 1024** (cases cited). The special instructions were confined to the question of the burden of proof. Such instructions were proper in view of a request for a special verdict. In our opinion counsel was not guilty of misconduct, and there is no showing of prejudicial error.

For her fourth assignment of error the appellant claims that defendant, by its counsel, was guilty of misconduct in treating the jury to a lunch. There is no showing in the record that the jury knew who paid for their lunch on the day they were taken in a bus from Columbus to Mansfield to view the premises. The bill of exceptions does not properly present this matter for the consideration of a reviewing court.

It is claimed the Court erred in not more fully submitting the issues of fact to the jury. It is contended that the Court should have instructed the jury that an inference was permissible from defendant's failure to produce any evidence, and that such evidence, if produced, would have been unfavorable to the defendant. The appellant relies on the application of the rule of law stated in Vol. 20 Am. Jur. 188, as follows:

"It is a well-established rule that where relevant evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and he fails to do so, without satisfactory explanation, the jury may draw an inference that such evidence would be unfavorable to him."

The record does not disclose that at any time the defendant was called upon to produce any evidence. The defendant had a right to rest at the close of plaintiff's case, on the theory that there was a failure of proof, without an unfavorable inference being drawn against it, as a matter of law. The rule of law hereinbefore quoted applies to a party in presenting evidence in support of his own case. We know of no principle of law which would have required the Court to charge the jury in this case; that since the defendant did not produce any evidence, the jury would have a right to infer that any evidence it would have produced would have been unfavorable to the defendant. Furthermore, at the end of the general charge the Court inquired of counsel whether they requested additional charges. The record does not show that counsel for the plaintiff requested the Court to give a charge covering this matter. The charge as given was proper and not misleading to the jury. It is well settled that reversible error cannot be predicated on the failure of the trial judge to charge on a particular phase of the case, if the charge as given is correct and not misleading to the jury, unless such omission is called to the attention of the Court, and such other instructions are specifically presented and refused. **39 O. Jur., pp. 1008, 1009.** See also **Portney v Frank, 77 Oh Ap 357,** and cases therein cited.

Under the sixth assignment of error it is claimed that the finding of the jury was against the manifest weight of the evidence. After carefully considering all the evidence, both direct and circumstantial, and any proper inferences which may be drawn from the facts proved, we cannot conclude that the verdict of the jury was against the manifest weight of the evidence. There is ample evidence to support the verdict.

Finding no prejudicial error in the record, the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.