**FRY, Plaintiff-Appellant, v. HILDRETH, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2103.  Decided December 22, 1950.

Jake Froug, Dayton, Wilbur Spidel, Greenville, for plaintiff-appellant.

Warren Ferguson, of Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellee.

### OPINION

By THE COURT:

This is an appeal on law from the Municipal Court of Dayton returned in favor of the defendant.  Motion for new trial was filed and overruled.

Plaintiff-appellant has assigned thirteen separate alleged errors, some of which have not been discussed in the brief. The Court has carefully examined the entire record and considered every error assigned and finds no error assigned well made.

We briefly comment on the several questions discussed in appellant's brief.  The appellant cannot urge as error the action of the court in striking certain allegations from the statement of claim.  The plaintiff filed an amended statement of claim.  By pleading over any error committed was waived. We find no prejudicial error in the record relative to the admission or exclusion of evidence or in regard to any remarks made by the trial judge in the presence of the jury.  We do not find the verdict and judgment to be against the manifest weight of the evidence; neither does the record support the contention that the verdict was given under influence of passion or prejudice.  Motion for new trial was properly overruled.

Five alleged errors relate to the general charge, special instructions and the submission of interrogatories. The court refused to give special instructions before argument numbered 1, 2, 4 and 6 requested by the plaintiff. At the conclusion of the general charge the plaintiff requested the court to give a special formulated charge on the question of right-of-way, which was refused. All these requests were based on §§6307-40, 6307-42 and 6307-43 GC, and on the factual assumption that the driver of defendant's truck had backed said truck out of a private road, driveway or alley, onto and across the highway. There was no issue made in respect thereto by the pleadings or the evidence. The evidence shows that the defendant's truck was at all times on said highway. To charge as requested would have only confused the jury. We find no prejudicial error committed in refusing to instruct the jury as requested. We find no error in giving special instructions numbered 8, 9 and 13 requested by the defendant. These instructions related to the manner of operation of the defendant's truck and plaintiff's automobile on the highway. The statement of the court in **Proctor v. White, 22 Abs 410,** that "the defendant, however, was under no obligation to see the plaintiff if she were off the highway" has no application here.

Appellant claims that the failure of the trial court to define negligence in the general charge constituted reversible error. In our opinion this is an error of omission and not commission. To fail to so charge was error, but such failure does not require reversal unless the court finds, on the basis of the whole record, and the charge as a whole, it was prejudicially erroneous. Counsel for appellant failed to call this omission to the attention of the court, although the record shows at the end of the general charge the court asked counsel whether there was anything further. Thereupon a lengthy discussion took place between the court and counsel relative to other phases of the case, but no request was made of the court to define negligence. The court in its general charge did charge correctly on contributory negligence and further charged that in the use of the streets the plaintiff and defendant were required to use reasonable care and prudence; that they were required to use the care that an ordinarily prudent person would use. In **Telinde v. Ohio Traction Co., 109 Oh St 125,** 141 N. E. 673, it was held that the failure to charge on contributory negligence taken in connection with an erroneous instruction upon the subject of the measure of damages was prejudicially erroneous. In that case the jury rendered a verdict for the plaintiff. The court discusses the rule followed in **Columbus Railway Co. v. Ritter, 67 Oh St 53,** 65

N. E. 613; **State v. McCoy, 88 Oh St 447,** 103 N. E. 136, and **State v. Driscoll, 106 Oh St 33,** 138 N. E. 376, which stresses the duty of counsel to aid the court by calling attention to omitted matters. The court however applied the rule laid down in **B. and O. Railroad Co. v. Lockwood, 72 Oh St 586,** 74 N. E. 1071, which requires the court to separately and definitely state the issues and to charge with respect thereto. We do not believe that the rule applied in the Lockwood and Telinde cases is applicable here. Rather, we believe that the rule stated in State v. McCoy, supra, on page 450 of the opinion, is applicable, which is:

"It is equally a settled rule of practice in this state that where the charge as given is free from prejudicial error but fails to cover all the questions involved in the case, such failure is not a ground for reversal unless it was called to the attention of the court and further instructions requested and refused, provided the jury is not misled by the charge as given."

This rule has been repeatedly followed by the courts of this state in both civil and criminal cases. In State v. Driscoll, supra, the court in a rape case omitted to charge that the defendant may be found guilty of assault and battery, or assault. In **Holt v. State, 107 Oh St 207, 325, 326,** 140 N. E. 349, in a first degree murder charge in which a policeman was killed, the court correctly charged as to murder in the first degree on the first count, but omitted to charge on the second count, which was based on provisions of §12402-1 GC, for killing a policeman. In **Norris v. Jones, 110 Oh St 598, 608,** 144 N. E. 274, the court failed to charge on and define pecuniary damages in a damage action. In **Beeler v. Ponting, 116 Oh St 432,** 156 N. E. 599, the court in a negligence action omitted in a proper case to charge on the doctrine of res ipsa loquitur. See also the recent case of **State v. Tudor, 154 Oh St 249; Portney v. Frank, 77 Oh Ap 357,** 65 N. E (2d) 290; **Bachman v. Ambos, 83 Oh Ap 141,** 79 N. E. (2d) 177; **Hubbard, Admx, v. C. C. & C. Highway, Inc., 50 Abs 78,** 76 N. E. (2d) 721.

In the instant case the charge was otherwise correct and we do not believe the jury was misled by the charge as given. On the whole record it appears that substantial justice has been done. Thus any error appearing is non-prejudicial. **Sec. 11364 GC.**

We fail to find any prejudicial error in the language used in the general charge as claimed by appellant.

The interrogatories offered by the defendant were properly submitted to the jury. The court instructed the jury that the interrogatories should be answered "in case a general verdict

is rendered and that is if you give a verdict for the plaintiff." This mis-statement was immediately called to the attention of the court and a correct instruction given. No prejudicial error resulted.

Finding no error in the record prejudicial to the rights of the appellant the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.