464

KLARMAN, Plaintiff-Appellant, v. SNYDER,
Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4844. Decided November 14, 1952.

Coughlin, Ogier & Lloyd, Michael A. Coughlin, of Counsel,
Russ Bothwell, Columbus, for plaintiff-appellant.

Wright, Harlor, Purpus, Morris & Arnold, Columbus, for
defendant-appellee.

## OPINION

By THE COURT.

Submitted on motion of the appellee seeking an order dis-
missing the appeal for the reason the same is not a final
order.

The record reveals that a motion was filed to set aside
the special verdict returned by the jury; that this motion was
overruled on August 11, 1952, at which time judgment was
rendered for defendant upon the verdict; that on August 12,
1952, a motion for a new trial was filed; that on August 29,
1952, notice of appeal was filed directed to the judgment of
August 11, 1952; that on September 8, 1952, the motion for a
new trial was overruled, and upon September 18, 1952, notice
of appeal was filed to the order overruling the motion for a
new trial.

This Court held that such an order was appealable in the
case of Jolley v. Martin Brothers, 90 Oh Ap p. 415, and we
are still of the same opinion. The appellee urges that plain-
tiff waived his motion for a new trial when the first notice
of appeal was filed, citing Liberal Savings & Loan Co. v.
Frankel Realty Co., 137 Oh St 489. This case is determinative,
we think, of the fact that the first appeal was properly filed;
that for the purpose of such appeal the party appealing waived
his motion for a new trial, but it does not necessarily follow

that he waives it for all other purposes. It does not appear to us that the cited case is controlling in the instant case. The motion is overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**KLARMAN, Plaintiff-Appellant, v. SNYDER, Defendant-Appellee.**

No. 4844. Decided March 10, 1953.

Coughlin, Ogier & Lloyd, Russ Bothwell, Columbus, for plaintiff-appellant.

Wright, Harlor, Purpus, Morris & Arnold, Earl F. Morris, of Counsel, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court rendered upon a special verdict of the jury. The action was one for damages arising out of a collision between an automobile being operated by the plaintiff and a truck consisting of a tractor and trailer. Both vehicles were moving in an easterly direction on East Main Street and for such easterly traffic there were three lanes. This plaintiff was in the one to the right, nearest the curb, and the truck was in the center or the one to the immediate left of that of the plaintiff. The truck was approaching from the rear and in overtaking the plaintiff's car the collision occurred.

The defendant was charged with the following acts of negligence:

1. In operating said truck at a greater speed than was reasonable and proper, to wit, at a greater speed than would permit him to stop within his assured clear distance ahead.

2. That the defendant failed to have control of said truck.

These acts of negligence were denied generally by the answer, which also alleged further that if the plaintiff suffered any injuries the same were caused solely by his own negligence and carelessness.

After the conclusion of all the testimony counsel for the plaintiff requested that the jury be instructed to return a special verdict, and submitted four narrative forms. Counsel for defendant submitted one question and answer form and objected to the submission to the jury of each of the forms submitted by plaintiff for the reason that each of them required the jury to find conclusions of law as well as facts and that such forms were therefore improper since they did not comply with the statute. The trial court pointed out that since each of plaintiff's forms required the jury to find, for instance, as to negligence, that the submission of such form would require a charge sufficiently broad to enable the jury to understand the meaning of all terms used in the special verdict forms. However, upon the insistence of counsel for plaintiff the Court submitted plaintiff's special forms to the jury. The Court also prepared and submitted four of his own narrative forms of special verdict to the jury over the objection of counsel for the plaintiff. After due deliberation the jury returned the following special verdict:

"Albert E. Klarman, the Plaintiff, was driving a Bexley police cruiser at the time of the collision here involved; the other motor vehicle—a tractor trailer outfit—was being operated by George Redman at that time and place for the defendant, Edmund J. Snyder.

"The collision occurred in the driving lane which Defendant's truck was proceeding in—that is, the middle lane of the three east-bound lanes on East Main Street; such collision occurred at that point while defendant's tractor-trailer was proceeding east in a straight course at a speed of 20 to 30 miles per hour; such collision occurred after plaintiff, Klarman, had left the parked position at the south curb in front of the ambulance and had driven the cruiser from the parking lane into the path of defendant's tractor-trailer without ascertaining that he could do so with safety to himself and other users of East Main Street.

"Should Plaintiff, Klarman, be entitled to recover damages from the Defendant, we find that his damages, directly resulting from said collision, are Nothing."

Thereafter, the Court drew conclusions of law from the facts found by the jury in the special verdict and returned judgment for the defendant.

The plaintiff attacks the special verdict charging that the trial court should not have submitted his own forms of special verdict, that what was returned by the jury was not a special verdict and that judgment for the defendant should not have been entered thereon.

The plaintiff's objection to the form is that it did not find on all of the issues making no findings as to proximate cause. We are of the opinion that the plaintiff's objection to the Court's preparing the special forms is not well taken. Not only may the trial court do so, but if he feels the situation warrants, it is his duty to do so. In **39 O. Jur., Section 407, pages 1136 and 1137**, it is said:

"An Indiana line of authorities indicates that in that state the trial court has no duty to perform in preparing special verdicts. Under the practice prevailing in Ohio such cannot be said to be the rule. Good practice requires the court to submit sufficient forms to secure an adequate general verdict; a fortiori it should closely supervise the submission of the much more intricate form of special verdict."

Plaintiff also claims error in that the special verdict did not find on all the issues, failing to find proximate cause.

Plaintiff's petition charged defendant with only two acts of negligence, to wit, violation of assured clear distance ahead rule and failure to keep his vehicle under control. When the jury found that the speed of the defendant's truck was twenty to thirty miles per hour, that the collision took place while the truck was proceeding in a straight course in the middle lane of the three east-bound lanes and that the collision occurred after the plaintiff had driven the cruiser from the parking lane into the path of the truck without ascertaining

that he could do so with safety to himself and other users of the street, it fully determined the issues raised by the petition. Even if this were not true, no facts having been found which supported plaintiff's charges of negligence, those charges must be regarded as not proved, and, therefore, the jury found all it needed to find in order that judgment could be rendered from the pleadings and the facts found without reference to the evidence. See **Dowd-Feder Co. v. Schreyer, 124 Oh St 504; Noseda v. Delmul, 123 Oh St 647.** Since the jury found no facts which would support a finding that defendant was negligent no question of proximate cause arose.

In Hubbard v. Cleveland, Columbus & Cincinnati Highway Inc., 76 N. E. 2d, 721, this Court said at pages 723 and 724:

"The jury having found against the plaintiff on the one determinative ultimate fact, the jury had discharged its full duty. No other finding was required. The jury was not required in view of its special finding of fact, to go further and determine the proximate cause. Where there is a judgment for the defendant, proximate cause is not a necessary element of finding in the special verdict. If there is no finding of fact in the special verdict from which the court could conclude the defendant was negligent, the element of proximate cause is clearly immaterial. In our opinion the jury in its special verdict so presented the essential facts that nothing remained for the Court but to draw from the facts found, conclusions of law. The court very properly entered a judgment for the defendant on the special verdict."

It is our conclusion that the Court rendered the proper judgment upon the special verdict.

The appellant next urges that the Court committed prejudicial error when it made the following statement late in the afternoon with reference to the jury visiting the scene of the accident:

"I have the feeling, however, that to attempt adequately to examine this particular spot on East Main Street at this hour in the afternoon might be a little dangerous, that is one of the busiest areas we have in Franklin County "

This statement referred to the afternoon when the statement was made and therefore had no reference to the earlier morning hour when the accident occurred. This comment by the trial court could not have been prejudicial to the plaintiff.

The appellant contends that the court erred in its answer to the following questions submitted by the jury:

"We have decided on one of the single page typewritten special verdicts. Do we now have to answer the questions and sign the two page special verdict marked No. 180693?

"The answer to this question is no, you need not sign that particular one. Now, if you will withdraw again and go on with your work."

The question clearly was intended to inquire whether the jury were compelled to answer certain questions. to which the response that they did not need to do so was proper and could not have misled them. This is especially true when the Court's instructions as to the special verdict in general are considered.

Plaintiff next urges that the court erred in instructing the jury that the action occurred in a zone where 35 miles per hour was the prima facie speed limit. We find that under the record the charge was proper and even if it were not the charge had no application to and could not have affected the special verdict returned by the jury.

It is urged further that the court erred in its whole charge to the jury by charging on negligence. contributory negligence, proximate cause and the law of the case. The principle to be applied in this situation is defined in the fifth syllabus of the Dowd-Feder case, supra, which reads:

"When a special verdict is to be rendered, only such instructions should be given by the court as are necessary to enable the jury clearly to understand their duties relative to such special verdict."

And at page 516 the Court went further:

"Though the court went further in the instant case and gave some general instructions upon the law of negligence, it is conceded that the statements made were in all respects correct, and it is inconceivable that they could have influenced the action of the jury adversely to the defendant, or that they were in any wise prejudicial."

It will be noted that the special forms of verdict submitted by the plaintiff contained the terms "proximate cause, negligence, proximate result," etc. It would appear that under the rule laid down in the Dowd-Feder case it became incumbent upon the court to so instruct the jury that they would understand the terms employed in the special verdict forms submitted by plaintiff's counsel. If there was any error committed by the trial court in submitting these instructions it appears to us that the same was induced by the plaintiff upon his insistence that the special charges be given in the form that they were. The jury chose to return one of the forms of verdict which contained none of the above terminology. Therefore none of the parts of the charge of which the plaintiff complains could have affected the verdict and no prejudice to the plaintiff could have resulted.

We find that the court did not abuse its discretion in over-

470

ruling the plaintiff's application for a new trial upon the claim of newly discovered evidence. The granting or refusal of the motion for a new trial rests largely in the discretion of the trial court. It is only where this discretion is shown to have been abused that the resulting judgment will be disturbed by a reviewing court. **2 O. Jur., Part 2, Section 621, Page 1115.** We find no error in the record and the judgment will be affirmed.

WISEMAN, PJ, HORNBECK, J, concur.