DECKER, A MINOR, APPELLEE, *v.* THE STANDARD OIL CO., APPELLANT.

(No. 1133—Decided March 11, 1959.)

*Mr. James Blair* and *Mr. John D. Harinshfeger,* for appellee.

*Mr. Vincent E. Mitchell* and *Messrs. McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett,* for appellant.

MIDDLETON, J. This is an appeal on questions of law from an order of the trial court sustaining plaintiff-appellee's motion for a new trial. The appeal is on the ground that the trial court abused its discretion in sustaining the motion. Plaintiff's action against the defendant-appellant is for damages arising from a collision between a motorcycle ridden by the plaintiff and a truck owned and operated by the defendant.

At the conclusion of all the evidence, the defendant submitted to the court four special requests to charge, which charges were given by the court. These special instructions were general in their terms. In substance, charge number one instructed the jury that it was the sole judge of the facts and credibility of the witnesses; that it could believe all of a witness's testimony or disbelieve all of a witness's testimony; and that it could believe part of the witness's testimony and disbelieve the rest. Number two instructed the jury that it must not be influenced by sympathy but must decide the case upon the evidence under the rules of law given to it by the court. Instruction number three dealt with the burden of proof. Number four dealt with the measure of damages and was limited to compensation, and compensation only, for the injuries that the plaintiff sustained.

These instructions were in general terms and were proper whether a general verdict or a special verdict was to be returned by the jury. In the instant case, the law stated in the special requested charges was also given to the jury by the court in its general charge. In the view of this court, the giving of the special charges before arguments in the instant case in no way affects the decision of the court on the issue now presented. The instructions given were proper in either event.

After the giving of these special requested charges, plaintiff proceeded with his opening argument. At the conclusion of plaintiff's argument, counsel for defendant stated that the court could charge the jury and requested that the jury bring in a special verdict. Counsel for plaintiff objected to the giving of the special verdict for the reason that the request was not timely made, having been made at the conclusion of plaintiff's opening argument and that it necessitated the jury being excused

while the matter was considered and the special verdict prepared. Upon the return of the jury to the courtroom, the court stated in part to the jury: "Ladies and gentlemen of the jury, when requested by either party, the court is required to direct the jury to return a special verdict. Such a request has been made in this case and the court therefore instructs you to return a special verdict in writing upon all of the determinative issues in the case."

After the submission to the jury of the special verdict form and the charge of the court upon the law, the jury retired for deliberation, and, after its return to the courtroom with a special verdict, the court rendered judgment on the verdict in favor of the defendant.

Plaintiff filed a motion for new trial. The first error set forth in the motion for new trial is "for error of the court in granting the defendant's request for the submission of a special verdict to the jury, which motion was made by the attorney for the defendant verbally in the presence of the jury and which request for special verdict was not timely made, having been made after the plaintiff had concluded the opening argument to the jury, which untimely request resulted in an undue delay of the trial." The court sustained the motion for a new trial, stating that, "after due and careful consideration, the court finds that the sole and only ground for sustaining the plaintiff's motion for a new trial is error on the part of the court in granting defendant's request for a special verdict after counsel had begun oral argument, and that all other grounds urged by plaintiff in support of said motion for new trial are not well taken."

In the journal entry granting a new trial, it is stated that "the motion of the plaintiff for a new trial be and the same is hereby sustained, solely on the ground that the court committed error in granting defendant's request for a special verdict after argument had begun." Defendant appeals from the order of the court granting a new trial and assigns as error, first, that the trial court abused its discretion in sustaining the plaintiff's motion for new trial on the sole ground that defendant's request for special verdict was untimely and should not have

been granted by the trial court, and, second, that the trial court erred in holding that a request for special verdict may not be made at a time later than the opening of oral argument.

Section 2315.15, Revised Code, provides:

"When requested by either party, the court shall submit in writing each determinative issue to be tried by the jury and direct the jury to give a special verdict."

It is at once apparent that the statute providing for special verdicts is silent as to the time the request for a special verdict must be made. The question here presented appears to be one of first impression. There is no statute fixing the time or the stage of the trial when a request for a special verdict must be presented, and we have been unable to find where any court in Ohio has definitely passed upon this question.

In the case of *Hubbard, Admx.,* v. *Cleveland, Columbus & Cincinnati Highway, Inc.,* 81 Ohio App., 445, 76 N. E. (2d), 721, at the conclusion of the plaintiff's case, the defendant rested, and upon request of the defendant the court gave, before argument, special instructions to the jury. At the conclusion of all the evidence, the defendant requested the court to direct the jury to give a special verdict in writing upon all the issues which the case presented. The special verdict was returned by the jury and judgment rendered thereon in favor of the defendant. Plaintiff prosecuted his appeal to the Court of Appeals and assigned as one of his claimed errors "that defendant, by its counsel, was guilty of misconduct in submitting special instructions to the jury dealing with legal principles when they knew that a special verdict in the case would be requested by them."

In ruling upon this assignment of error, the court stated:

"Were defendant's counsel guilty of misconduct in requesting special instructions when they knew that a special verdict would be required by them? There is no claim made here that the instructions were improper. The error assigned relates to the conduct of counsel. Under Section 11420-1, paragraph 5, General Code, either party may request that written instructions be given before argument. The duty to give a proper special instruction is mandatory. 39 Ohio Jurispru-

dence, 1024 (cases cited). The special instructions were confined to the question of the burden of proof. Such instructions were proper in view of a request for a special verdict. In our opinion, counsel were not guilty of misconduct, and there is no showing of prejudicial error.''

In the present case, the trial court, in ruling upon the motion for a new trial, was of the opinion that a request for a special verdict should not be entertained after argument had begun, that plaintiff was denied the right to argue the case properly to the jury, that the jury was deprived of the opportunity to have argument presented to it relative to the verdict which it was required to render, and that this resulted in prejudice to the plaintiff. With this view this court cannot agree. The plaintiff was not denied the right to argue his case fully and to present to the jury his interpretation of the evidence. If he failed to argue the case as fully as he would have in a closing argument, such failure was his choice and cannot be charged against the defendant. It would appear that the court below was of the view that it was within its province in the exercise of a discretion to grant or refuse the request for a special verdict. If this is true, then in the granting of the request for a special verdict it exercised its discretion, and this discretion in the instant case was not abused.

The statute does not fix the time when a request for a special verdict must be submitted, and, there not being a different time fixed by statute or rule of court, the request for a special verdict submitted in the instant case at the conclusion of the argument was, in the opinion of this court, timely filed and was not prejudicial. If it is desirable to fix the time when a request for special verdict must be submitted, it is a matter for the consideration of the Legislature or to be fixed by rule of court. It is recognized that as a general principle of law a motion for a new trial is addressed to the sound legal discretion of the trial court. In the case at bar, for the trial court to instruct the jury to return a special verdict and later, after the jury has returned the special verdict and the court has entered judgment thereon, to sustain a motion for new trial for the reason that the request for a special verdict was not filed within time was an abuse of discretion.

The judgment of the trial court granting a new trial is reversed, and the cause is remanded with instructions to the court to overrule the motion for new trial.

*Judgment reversed.*

YOUNGER, P. J., and GUERNSEY, J., concur.