### S. O. HARRIS v. STATE.

No. A-9873.   Feb. 11, 1942.

(122 P. 2d 401.)

14

Clarence Tankersley, of Shawnee, for plaintiff in error.

Mathers & Mathers, of Oklahoma City, amicus curiae on behalf of plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. S. O. Harris was charged in the district court of Pottawatomie county by information, in two counts, with the unlawful importation of intoxicating liquor, a jury was waived, the defendant was convicted, and sentenced to serve three months in the county jail and pay a fine of $250 and costs of prosecution on each count, and has appealed to this court.

This case was tried upon a stipulation as to the facts, and the only contention presented by counsel for defendant in this court is that the court erred in not sustaining his demurrer to the information, for the reason that the act upon which the information herein was based is unconstitutional.

It is contended that chapter 16, Session Laws 1939, 37 O.S. 1941 §§ 41, 42, 43, 44, 45, 46, 47, 48, is unconstitutional for the following reasons:

1. Because said statute does not grant equal protection of the law to all citizens, for the reason that it makes the importation of liquor into Oklahoma a felony, whereas the general laws make the transportation of liquor only a misdemeanor.

2. It is contended that said act violates an alleged constitutional right of the defendant to import liquor for his personal use.

3.  It is contended that said act is violative of the provisions of the constitution relating to intoxicating liquors, in that the Legislature attempts to authorize the importation of intoxicating liquor, other than as specifically authorized by the constitution.

These questions, and others of similar import, have been before the United States District Courts of Oklahoma and Arkansas and the Circuit Courts of Appeal of the Eighth and Tenth Circuits.  In all of these cases the federal courts have uniformly sustained the constitutionality of this legislative act.  Hayes v. United States, 10 Cir., 112 F. 2d 417; Hinkle v. United States, 8 Cir., 115 F. 2d 217; Hastings v. United States, 8 Cir., 115 F. 2d 216; Reynolds v. United States, 8 Cir., 115 F. 2d 216; Epps v. United States, 10 Cir., 112 F. 2d 931.

The act herein involved (chapter 16, Session Laws of Oklahoma, 1939, generally known as the Liquor Permit Law) was passed by the Oklahoma Legislature in 1939 in order to secure the protection of the federal government in the state's effort to prevent the importation or transportation of liquor into Oklahoma, a dry state.

Prior to the passage of the 1939 act, it had been held that the federal liquor enforcement act, 27 U.S.C.A. § 221 et seq., is inapplicable to Oklahoma, for the reason that the act makes importation or transportation of liquor into a dry state a federal offense only when such state prohibits all such importation or transportation by its laws or requires permits or licenses to accompany liquor lawfully imported.  Dunn v. United States, 10 Cir., 98 F.2d 119, 117 A.L.R. 1302.

Since this prosecution was instituted in the district court of Pottawatomie county, the federal decisions above named have been promulgated.  In the case of Hayes v. United States, supra, in an able opinion by Judge Phillips,

the contentions herein urged by counsel are fully discussed. Said opinion cites as authority many decisions of this court in disposing of the constitutional questions there involved.

In this case the following propositions of law are stated, as shown by the syllabus in the Federal Reporter:

"Section of Oklahoma statute prohibiting the importation of liquor without a permit was embraced in title of the statute which recited that it was a statute creating and providing for permit system for importation and transportation of intoxicating liquor containing more than 4 per cent. of alcohol by volume, into the state for scientific, sacramental, medicinal, or mechanical purposes, and forbidding importation of 'such liquor' without permit, the quoted words referring to intoxicating liquor, regardless of purpose for which it was imported."

"The purpose of the Oklahoma statute relating to importation of intoxicating liquor was to provide for importation under permit system for certain limited and specified purposes only, and a provision prohibiting importation without permit for all purposes was essential to make the act effective and was referable and cognate to the subject expressed in the title which recited that the act created and provided for permit system for importation and transportation of liquor into the state for scientific, sacramental, medicinal, or mechanical purposes, and forbade importation of such liquor without a permit."

"The fixing of penalties for crime is a legislative function, and what constitutes an adequate penalty is a matter of legislative judgment and discretion, and courts will not interfere therewith unless penalty prescribed is clearly and manifestly cruel and unusual."

"The Oklahoma statute forbidding importation of intoxicating liquor into the state without a permit, which provides punishment by fine of not less than $50 nor more than $2,000 and by imprisonment for not less than 30 days in county jail, nor more than five years in state

penitentiary, is not unconstitutional on ground that statute imposes cruel or unusual punishment.' "

"The equal protection clause of Federal Constitution does not prohibit legislative classification, but such a classification must be reasonable, and not arbitrary, and must be based upon a difference having a fair and substantial relation to the object of legislation."

"If any state of facts reasonably can be conceived that would sustain a legislative classification, a presumption exists that the state of facts exists, and one who assails the classification must show that the action is arbirary."

"Parties who attacked constitutionality of Oklahoma statute relating to importation of intoxicating liquor failed to sustain burden of proving unreasonableness of legislative classification which resulted in more severe penalty for importing liquor than for transporting liquor within the state."

"The Oklahoma statute imposing penalty for importing and transporting intoxicating liquor into the state, which is more severe than penalty imposed for transporting liquor within the state, is not violative of 'equal protection' clause of Federal Constitution, in view of reasonable basis for the classification which bears fair and substantial relation to the object sought to be attained by the act."

"Under 21st Amendment to Federal Constitution, the state may wholly prohibit transportation or importation of intoxicating liquor into the state, or may forbid all importations which do not comply with conditions which the state prescribes regardless of how the state may deal with or regulate transportation of intoxicating liquor within its boundaries, without violating the equal protection clause of the 14th Amendment to Federal Constitution."

"Oklahoma statute prohibiting importation of intoxicating liquor into the state without a permit, and providing for issuance of permits for importations of liquor for specified purposes, is not unconstitutional on

20

ground that it prohibits importations of liquor into state for personal use."

"Although 21st Amendment to Federal Constitution surrenders to each state the power to prohibit or condition importations of intoxicating liquor in interstate commerce into the state, the amendment does not surrender power of Congress to prohibit or regulate transportation of intoxicating liquor in interstate commerce, and Congress has power to enact legislation to execute amendment and penalize its violation."

"The Liquor Enforcement Act of 1936 is not unconstitutional on ground that it imposes penalties for violation of state law contrary to Federal Constitution, since penalty imposed is for a violation of the act and not for violation of the state law."

The reasoning given in support of the conclusions reached in said opinion is sound, and we give our full approval to the same.

As regards the contention of the defendant that the act herein violates the provisions of the Constitution relating to the establishment of agencies for the sale of liquor for medicinal purposes and for the furnishing of liquor for scientific and medicinal purposes, other than this bare assertion of counsel in his brief, no way is pointed out in which the legislative act violates the terms of the proviso of the constitution in question. Said proviso is as follows:

"Provided, that the Legislature may provide by law * * * for the sale of such liquors for medicinal purposes; and for the sale, for industrial purposes, of alcohol which shall have been denaturized by some process approved by the United States Commissioner of Internal Revenue; and for the sale of alcohol for scientific purposes to such scientific institutions, universities, and colleges as are authorized to procure the same free of tax under the laws of the United States; and for the sale of such liquors to any apothecary who shall have executed an approved bond, in a sum not less than one thousand dollars, con-

ditioned that none of such liquors shall be used or disposed of for any purpose other than in the compounding of prescriptions or other medicines, the sale of which would not subject him to the payment of the special tax required of liquor dealers by the United States * * *." O. S. 1941, Const. Prohibition Ordinance.

We are unable to say, after a careful examination of this act, that it conflicts with any provision of the prohibition amendment to our Constitution. We think the Legislature by the enactment of chapter 16, supra, has abided by the terms of the proviso above quoted and by the passage of this law has merely carried out the au-thority vested by the prohibition amendment to the Constitution.

This court has held that the transportation of intoxicating liquor in Oklahoma is unlawful, regardless of the intent with which the liquor is conveyed. Watkins v. State, 13 Okla. Cr. 507, 165 P. 621; Barnett v. State, 31 Okla. Cr. 413, 239 P. 680; Dyer v. State, 25 Okla. Cr. 328, 220 P. 69; McGill v. State, 16 Okla. Cr. 657, 185 P. 530.

In the Watkins case, supra, it is stated:

"It is unlawful for any person to convey from place to place within this state intoxicating liquors which said person has previously purchased within this state, and it is immaterial whether the person so purchasing such liquor and conveying the same intended to use such liquor lawfully or unlawfully. Intent is not a material ingredient of the offense of conveying intoxicating liquors."

With this conclusion adopted, so far as it concerns the transportation of liquor, we are unable to see why the same reasoning would not apply to the importation of liquor. The Legislature may make such importation without a permit a crime, regardless of the intent with which such liquor is imported.

From the conclusions above reached, it is our opinion

that the district court of Pottawatomie county correctly sustained the validity of the act in question. The court erred, however, in sentencing the defendant on each of the two counts set forth in the information.

Only one offense may be stated in an information; but where the same acts may constitute different offenses or the proof may be uncertain as to which of the two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same information; and the accused may be convicted of either offense. He may not be convicted of two offenses under one information. 22 O. S. 1941, § 404; Thoreson v. State, 69 Okla. Cr. 128, 100 P. 2d 896.

The information herein charged only the one offense of importing intoxicating liquor without a permit. The district court treated the information the same as if it had charged two separate offenses. The finding of guilty could carry with it only the one sentence, and that part of the judgment and sentence which attempts to impose a double punishment on the defendant for his conviction of this single crime is void.

The judgment and sentence of the district court of Pottawatomie county is affirmed insofar as it finds defendant guilty of the offense of importing intoxicating liquor without a permit; and it is ordered in pursuance to said judgment of conviction that the defendant be confined in the county jail of Pottawatomie county for a term of three months and pay a fine in the sum of $250.

That part of the judgment sentencing defendant to serve three months in the county jail and to pay a fine of $250 on the second count is void, and the same is hereby vacated.

BAREFOOT, P. J., concurs. DOYLE, J., concurs in conclusion.