[Crim. No. 3612.   Second Dist., Div. Two.   Nov. 5, 1942.]

THE PEOPLE, Respondent, v. CLARENCE J. McCLAIN, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

McCOMB, J.—From judgments of guilty of (1) robbery, and (2) attempted robbery, after trial before a jury

defendant appeals. There is also an appeal from the order denying his motions for a new trial.

Over the objection of defendant, the trial court upon motion of the district attorney consolidated for the purpose of trial, with the information containing the counts upon which defendant was convicted (No. 85902), another information (No. 88803) charging defendant with robbery at a time and place different from that alleged in either count contained in the information upon which defendant was convicted and from which judgments of conviction he has appealed.

### Count I, Attempted Robbery

December 5, 1940, Mr. MacIsaac, his wife, and Mr. Leach in their automobile drove up in front of an apartment house in South Pasadena. Mrs. MacIsaac and Mr. Leach started into the apartment house while Mr. MacIsaac remained in the car to listen to a news broadcast. He had been listening for a few minutes when the door on the right side of his automobile was opened and he saw a man facing him with a gun pointing in his direction. At about the same time the door on the left side of his car was opened and another man told him to move over and to look like nothing had happened. The man on the right side said that they were going for a ride and that if Mr. MacIsaac behaved himself he would not be hurt. This same man started the motor and shut off the radio.

At about this time Mrs. MacIsaac and Mr. Leach started to come out of the apartment house. At the same time the man on Mr. MacIsaac's right jumped out of the car, grabbed Mrs. MacIsaac by the arm, pointed the gun which he held at Mr. Leach, and brought them toward the automobile. As he was attempting to open the door to the rear seat, Mrs. MacIsaac screamed and ran into the street. The man in the front seat with Mr. MacIsaac started to drive the car away and as he put both hands on the wheel Mr. MacIsaac grappled with him. A tussle ensued. The man jumped out of the car and escaped. Later Mr. MacIsaac identified the defendant as the man with whom he had struggled in the car.

### Count II, Robbery

December 5, 1940, Officer Allen learning of the attempted robbery of the MacIsaacs and obtaining a description of the suspects, started to look for them. He found a 1938 Ford V-8 sedan that had blood on the seat. The keys were in the

car and the motor was still warm. Officer Allen removed the keys from the car and got in the back seat of the automobile and waited to see if anyone would come to claim it. About ten minutes later defendant got into the car and upon discovering Officer Allen in the back seat asked who had been driving his car. Officer Allen asked defendant to show him his driver's license. As defendant held his driver's license out to Officer Allen, he struck the officer and took the officer's gun away from him. Defendant then jumped out of the car and ran away, being later apprehended.

### Information No. 88803

November 19, 1940, the Eureka Iron and Metal Company, located in Los Angeles, was robbed of approximately $1,568 by two bandits. Witness Madge Rodin testified that she knew Raymond Wilson, Harry Farrell, and defendant; that she went to the vicinity of the Eureka Iron Works with the three men just mentioned; that the automobile in which they were riding was stopped at a parking lot in the vicinity of the Eureka Iron Works plant; that defendant got out of the automobile and into another car and drove away, whereupon she, Mr. Wilson, and Mr. Farrell drove home; that on the following day she was driven in a Pontiac sedan to within about half a block of the Eureka Iron Works plant; that defendant drove up and parked in front of the Eureka Iron Works; that thereafter Messrs. Wilson and Farrell came back and got in the car in which she was riding while defendant got in his car; and that they then all drove to Mr. McClain's apartment, whereupon money was divided between the three men. The witness further testified that she was merely sitting in the car near the Eureka Iron Works waiting for her husband Harry Farrell; that she had no idea of what he was doing there, had no conversation with him before they went to the Eureka Iron Works, and that she had no duties whatsoever to perform either as a lookout, driver, or otherwise in connection with the robbery; and that she could not drive an automobile. She did not receive any share of the proceeds of the robbery.

At the conclusion of the foregoing testimony relative to the crime charged in information No. 88803, upon the suggestion of the trial judge that Madge Rodin was an accomplice of defendant in robbing the Eureka Iron Works, the district attorney moved to dismiss the charge contained in information No. 88803. This motion was granted.

Defendant relies on three propositions for reversal of the judgment, which will be stated and answered hereunder seriatim.

*First: The trial court committed prejudicial error in ordering the consolidation for trial of information No. 85902 and information No. 88803.*

This proposition is untenable. Section 954 of the Penal Code authorizes the trial court to consolidate for the purpose of trial two or more criminal actions where the indictments charge the commission of two or more different offenses of the same class of crimes. (§ 954, Pen. Code.)

The fact that the different crimes charged against the defendant were committed at different times and places does not deprive the trial court of power to order the consolidation of the informations for trial, if the offenses charged are of the same class of crimes. (*People* v. *Feigelman,* 65 Cal. App. 319, 320 [223 P. 579].) Clearly in the instant case the several indictments charged offenses of the same class of crimes and the trial court did not abuse its discretion in ordering the informations consolidated for the purpose of trial.

*Second: The district attorney committed misconduct in stating at the time he made a motion for consolidation of the two informations that he believed he could prove a case of robbery under the charge contained in information No. 88803.*

This proposition is likewise untenable. It is our opinion that, as the record is presented to this court, there is no evidence to show that the witness Madge Rodin was an accomplice of defendant in robbing the Eureka Iron Works. She testified that she did not know that a robbery was going to be committed and that she did not participate in it in any way. Had the trial judge believed this testimony, she clearly would not have been an accomplice of defendant and the testimony which she gave, if believed by the trier of fact, would have been sufficient to sustain a conviction of defendant under the charge in information No. 88803. This being true, the district attorney had ample grounds to believe that his statement on the motion for consolidation of the informations was correct when he stated that he believed he could prove the charge contained in information No. 88803.

*Third: The trial court committed prejudicial error in not granting defendant's motion for a continuance of a hearing of his motion for a new trial.*

This proposition is likewise untenable. The law is established in California that an appellate court will not consider alleged errors of the trial court in refusing to grant a continuance of a hearing of a motion for a new trial, unless the motion for a continuance is supported by affidavits which would warrant the trial court in granting the motion. (See *People* v. *Rokes*, 18 Cal.App.2d 689, 694 [64 P.2d 746].) In the instant case this rule was not complied with. At the time of the hearing of the motion for a new trial defendant's counsel requested a continuance of the hearing unsupported by affidavits for the purpose of obtaining affidavits from a lawyer in New Mexico to the effect that defendant's driver's license was in fact in New Mexico at the time of the trial and therefore could not have been picked up near the scene of the robbery of Officer Allen on the night defendant was charged with having robbed the said officer. It is therefore evident that the trial court did not abuse its discretion in denying defendant's motion for a continuance of the hearing.

For the foregoing reasons the judgments and order are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 3, 1942.