**STATE, Plaintiff-Appellee, v. BROWN, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

Nos. 487, 488. Decided April 8, 1954.

James H. DeWeese, Prosecuting Attorney, Troy, and Mr. Fred M. Kerr, Dayton, for plaintiff-appellee.

Clement V. Jacobs, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury finding the defendant-appellant guilty as charged in two indictments, one of which charged trespassing and the other breaking and/or damaging and destroying a fence with intention to release cattle.

The record reveals that separate indictments were returned against the defendant, but upon motion of the prosecuting attorney the cases were ordered consolidated into one action, the same to be conducted under the title and case No. 7423. This, it is urged, constituted prejudicial error. We are cited no authority which supports this view, and we have been unable to find any. All the cases we have been able to find hold that the trial court must exercise a sound discretion in the matter; that even the granting or refusing of separate trials to defendants jointly indicted rests in the legal discretion of the Court. Baron v. U. S., 286 F. 822; **Whitehead v. State, 10 Ohio, 449**; Bixbee v. State, 6 Ohio, 86. Since the subject matter of the two indictments is closely related, the acts complained of occurring at or about the same time, and much of the evidence supporting the two charges, is the same, we can find no error in the consolidation of the two cases.

It is next urged that since §12522 GC, which defines a trespass, and §12448-2 GC, which relates to the damaging of a fence, each specifies that the act complained of must be upon the "property of another", there can be no verdict of guilty for the reason that the defendant is the owner of the property upon which the alleged offense was committed. The record reveals that the defendant herein is the owner of the legal title and that the complainant came into possession of the land, which is the subject of this action, under the terms of a written contract either as a tenant or as a purchaser under a land contract. The defendant urges that the complainant entered as a tenant and that he defaulted because of non-payment of rent in accordance with the terms of said contract. The record discloses that the contract provided for the payment of $75.00 per month, and upon the failure to meet two monthly payments the contract should become null and void. The court properly instructed the jury that, unless the appellant reserved the right to re-enter the land, any entering thereon would be unlawful unless the jury should find by the proper degree of proof that it was a contract of tenancy which had been breached

by the said tenant. In such an event the entry would not be unlawful. The jury was definitely told that it must determine the relationship of the parties under the contract and base its verdict upon such finding, provided, of course, that in case of a guilty verdict all of the other elements of the offenses were established by the proper degree of proof.

In **Wilber v. Paine, 1 Ohio, 248,** the court held that a party in possession of land under a parol contract may maintain trespass against the owner. We recognize this was a civil action, but the rights of the parties are not altered by the nature of the proceedings.

We find no error in the charge to the jury. The court may not be charged with error for any omissions, as the court was not requested to give any charges before argument, or to give additional charges at the close of the general charge. **Johnson v. Bishop, 63 Abs. 511; 4 O. Jur. (2d). 983, p. 240; City of Columbus v. Charlton, 39 O. O. 522; Fry v. Hildreth, 59 Abs. 443; Sadler v. Bomberg, 62 Abs. 13; Rhoades v. City of Cleveland, 157 Oh St 107; 47 O. O. 91.**

We have examined the entire record and are of the opinion that the evidence fully supports the verdict.

Finding no error in the record the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.