**Charles R. POULTON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13519.**

Court of Criminal Appeals of Oklahoma.

July 14, 1965.

Rehearing Denied Aug. 2, 1965.

Thomas Brown, James S. Steph, Okmulgee, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Charles R. Poulton was convicted in the district court of Okmulgee County on a charge of forgery in the first degree, and sentenced to serve seven years in the state penitentiary. Appeal has been perfected to this Court.

The petition in error with case made attached was filed herein on May 13, 1964. Defendant's brief was due thirty days thereafter. Defendant asked for, and was granted, a number of time extensions in which to file his brief. On October 23, 1964 the Attorney General filed a motion to dismiss the appeal, asserting that the case made attached to the petition in error failed to show that notice of intent to appeal was ever given, in compliance with Title 22 O.S.A. § 1055; and calling attention to further irregularities in the case made.

The case was set down for oral argument on the Attorney General's motion, and was heard November 18, 1964. The attorney for defendant appeared and argued the matter. He was granted permission to withdraw the case made "for the purpose of completing the same." This order, entered November 18, 1964, directed that the case made be completed and returned to the Clerk of this Court for refiling on or before December 2, 1964.

A copy of the minute entered on the day set for sentencing defendant is now at-

tached to the case made. This shows that the motion for new trial was overruled on that date, the defendant was sentenced in keeping with the verdict of the jury; that he gave notice of his intention to appeal to this Court and was given thirty days to make a case made. The court clerk makes an affidavit concerning this minute, signed December 3, 1964. Also attached to the case made is a purported "amended order" overruling defendant's motion for new trial. This order shows that the defendant gave notice of his intention to appeal, but the order is not signed, and it does not show a filing mark.

The case made was returned to the clerk of this court and refiled on December 31, 1964, by permission of the Presiding Judge.

On the same day, December 31, 1964, defendant filed a brief in response to the Attorney General's motion to dismiss. Subsequently, on February 8, 1965, defendant made application for additional time in which to file a brief. This application was denied, and the case was assigned for oral argument on February 24, 1965. No argument was presented on that date, and no further brief has been filed.

It would appear that the defendant did give notice of his intention to appeal, but there are other irregularities in the case made, but we do not consider them material, and are of the opinion that the motion of the Attorney General should be and the same is overruled.

This Court has often held that where a defendant—appealing from a judgment of conviction—files no brief and presents no argument, the Court will search the record only for fundamental error; and, none being found, the judgment and sentence will be affirmed. It is deemed unnecessary to cite authorities on .his question. However, in Fryar v. State, Okl.Cr., 385 P.2d 818, we said:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done,

and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

See also Pickens v. State, Okl.Cr., 372 P.2d 618, and Ousley v. State, Okl.Cr., 389 P.2d 525.

After a careful examination and consideration of the entire record, we are satisfied that the substantial rights of the defendant have not been prejudiced by any error of law, and we find no good reason for disturbing the jury's verdict.

Therefore, the judgment and sentence of the district court of Okmulgee County is affirmed.

BUSSEY, P. J., and NIX, J., concur.