David B. BRUMBELOW et al.,
Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–15231, A–15236.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1971.

No. A–15,236, and the appeal of David B. Brumbelow, No. A–15,231.

Plaintiffs in Error, Lindell Wayne Hill, age 19, David B. Brumbelow, age 20, and Wesley Shipp, age 21, hereinafter referred to as defendants, were tried jointly in the District Court of Oklahoma County on three Informations, at one trial with the same jury. Information No. 34486, charged the defendants conjointly with the crime of Kidnapping; Informations Nos. 34487 and 34488 charged the defendants jointly with separate acts of Rape in the First Degree. Motions for Severance were filed but were denied by the trial court. The trial commenced on September 24, 1968, and two days later, September 26th the jury returned verdicts against defendants for both kidnapping and rape.

Wesley Shipp was relieved of the kidnapping charge, by the court, but Brumbelow and Hill were found guilty of the crime of Kidnapping, and all three defendants were found guilty for the crime of First Degree Rape. Brumbelow and Hill were each sentenced to serve ten (10) years imprisonment on the kidnapping conviction; and the three defendants were each sentenced to serve twenty-five (25) years on the conviction for First Degree Rape. From these convictions Shipp and Hill perfected their appeal No. A–15,236, by privately retained counsel; and Brumbelow's appeal No. A–15,231, was perfected by the Oklahoma County Public Defender. Insofar as the three defendants stood trial at one trial; and since only one record was transmitted for the purpose of both appeals, this opinion consolidates both appeals for decision.

Defendants Shipp and Hill were represented at their trial by an attorney of their own choosing, Mr. Carroll Samara; whereas, defendant Brumbelow was represented by the Oklahoma County Public Defender.

Carroll Samara, Don Anderson, Public Defender, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

## CONSOLIDATED OPINION

BRETT, Judge.

This decision consolidates the appeals of Lindell Wayne Hill and Wesley Shipp,

I.

The facts as revealed to the jury, briefly stated are: On the evening of April 12,

1968, Judy Ann Anderson, Barbara Herndon, Billy Joe Baker, John Frenier, Larry Stidman, and Deena Tucker, were riding in an automobile which had traveled to the vicinity of McCloud, Oklahoma, and was en route back to Midwest City, Oklahoma, when their automobile stalled about 10:00 p. m. All six of the young people were teen-agers who attended Carl Albert High School in Midwest City, Oklahoma. Larry Stidman and Billy Joe Baker, started out on foot to Midwest City, to obtain another car from Larry's father.

The witnesses testified that after the two boys left, a station-wagon containing three men stopped to inquire if they needed help. The four young people informed them that two of the boys had proceeded on to Midwest City on foot to obtain help. They asked the men to pick up the boys and take them to the telephone. The station-wagon departed and overtook Billy Joe Baker and Larry Stidman, picked them up and by a circuitous route, reached Midwest City within a few minutes. The two boys were let out of the station-wagon in front of the J & A Bar, next door to where Billy Joe Baker lived.

The four teen-agers testified that about 15 or 20 minutes after they left the three men in the station-wagon returned and stated they had taken the boys to a telephone. One girl expressed doubt about their having done so; and an argument ensued. The record reveals that all three men had been drinking, and that defendant Shipp seemed to be more intoxicated than the other two. The defendants had parked their station-wagon on the same side of the road, on which the teen-ager's car was stalled, and came to the passenger's side of the vehicle where the argument with the teen-agers ensued.

During the course of the argument, defendant Hill asked Judy Ann Anderson, who was 15 years old, to roll down the window; but when she declined to do so, Hill threatened to break the window out if she didn't. She testified that she opened the vent window on the door to her side of the car; and after she did so, defendant Brumbelow reached in and opened the car door.

The witnesses testified that defendant Brumbelow pulled Judy Ann Anderson out of the car, while John Frenier, her date, tried to keep her in the car by pulling on her left arm. Brumbelow took her to the station-wagon and put her in the back seat of the car, and held his hand over her mouth, according to Judy's testimony. She related further, that defendant Hill got into the car, in the driver's seat. Shipp was still standing beside the teen-ager's car, so Hill and Brumbelow insisted that Shipp get into the car with them, which he did. The evidence related that the three men drove east, on Southeast 29th Street, turned south on Henny Road, and shortly turned to the right again, and stopped the car. At that time, the first rape allegedly occurred.

Judy Ann Anderson testified that the first time the defendant's car stopped, Hill got in the back seat and started taking her clothes off, while Brumbelow held her. She testified that defendant Hill had intercourse with her; that she struggled a little and was in fear; she related how Shipp then got in the back seat and tried to "rape" her, but couldn't because he was drunk; so they took her out of the car, and threw her on the ground. She said Hill and Brumbelow held her while Shipp had intercourse with her, after which Hill had intercourse with her the second time. She related that Shipp started to have relations with her again, but Hill told him to leave her alone. There was a great deal of cross-examination of this witness concerning, whether or not, and when all of her clothes were removed, but it did not seem to influence the jury.

Judy related that after the acts of sexual intercourse were completed, the three men gave her clothes back to her and returned her to the teen-ager's stalled car, still parked on the side of the road, where they left her alone. She denied giving her consent to engage in sexual relations with any of the defendants.

While Judy Ann Anderson was absent from the teen-ager's vehicle, the other three young people managed to catch a ride, into Midwest City, and were taken to the police-station. In the meantime, the two boys, who started out on foot, returned to the car with Larry's father, but before Judy had been taken back; finding no one at the car, they immediately went to the Midwest City Police Station, where they found the other teen-agers.

Officer Raymond Clark of the Oklahoma City Police Department testified that he had been dispatched to the area, after a general police alert was sounded; and at about 1:25 A.M., on the morning of April 13th, he arrived at the stalled vehicle, where he found Judy Ann Anderson. In describing her condition he said, "She was very upset, she was extremely nervous, and she was trembling and she was hardly able to talk with me when I first arrived and I observed her." The officer took her to the Midwest City Police Station, after which she was taken to the hospital for a medical examination.

Officer Anthony Pratt of the Midwest City Police Department testified that he arrested the three defendants at the intersection of Southeast 15th Street and Henny Road about 1:00 o'clock A.M., on the morning of April 13th. The doctor who examined Judy Ann Anderson testified that he found her "pretty disleveled," with a bruise on the upper part of the left arm, and one on the crest of the ilium on her left hip; he related that there was no laceration of her vagina, and the blood which was found in her vagina was menstrual blood. He related further however, that the microscopic examination revealed Spermatozoa to be present in her vagina at the time of the examination. This finding verified that the young girl had experienced sexual relations.

## II.

Defendant Brumbelow did not testify. Defendant Shipp testified that he was with Hill and Brumbelow that evening but was drunk and did not really recall anything after the three were at a laundromat about 10:00 P.M. Defendant Hill testified that he was Shipp's brother-in-law and that on April 12, 1968, the two went to the Midway Tavern in the evening, where they met up with Brumbelow; that the three drank some beer, got some rum and visited several different taverns and drive-ins, and finally stopped at a laundromat where Brumbelow used a telephone. They then returned to the Midway Tavern and stayed there about 30 minues; then they drove west on Southeast 29th where he came upon two boys walking west; they picked them up, and at their request let them out at the J & A Bar. Hill denied ever stopping at the stalled car; and he denied any such incidents as testified to by Judy Ann Anderson, Deena Tucker, and Barbara Herndon. He said Brumbelow was with him and his brother-in-law throughout the evening.

## III.

All three defendants filed separate Motions for Severance, and also filed special motions objecting to the trial being conducted on three separate Informations, alleging three separate offenses, to-wit: Kidnapping, and two charges of First Degree Rape. Defendants' motions assert this procedure violates their constitutional and statutory rights; and they assert gross abuse of discretion by the District Attorney, in filing separate Informations; and that the joinder of parties and actions caused prejudice to each of the defendants.

On the morning of September 24th, before the trial was commenced, the court conducted a hearing on the special Motions for Severance and objection to the Informations. After due and proper consideration, the court denied the motions. Mr. Samara, counsel for Hill and Shipp, then objected to the jury panel because it was held over from the previous two weeks. After considering the matter and being convinced that the Presiding Judge's Order had been properly entered, the court de-

nied that motion. Mr. Samara again objected to the multiple Informations, asserting prejudice to one or more of the defendants. The court denied that objection and reserved the right of either defendant to again raise the objection at a later stage of the trial, if the evidence clearly showed such prejudice. Next the question arose concerning how many peremptory challenges the three defendants should be entitled to exercise, because there were three defendants and three charges. After due consideration, the court stated he would reserve his ruling in that respect and rule as the situation developed. It was generally considered however, that 22 O.S.1961, Section 622, might be applicable, and same provides:

"When several defendants are tried together they cannot sever their challenges, but must join therein."

During the voir-dire, the court ruled that both the State and the three defendants together would be entitled to a total of nine peremptory challenges to each side, as provided in the statute. We believe the court was correct. The jury was selected and the trial commenced by the District Attorney reading each of the three Informations to the jury. The State introduced a total of fifteen witnesses to prove its cases. During the testimony of Judy Ann Anderson, the defendants objected to their in-court identification, as being tainted by the police line-up conducted the day following their arrest. The court conducted a hearing outside of the hearing of the jury; and overruled the defendants' objections.

At the conclusion of the State's case, the defendants moved the court to require the State to elect upon which charge of First Degree Rape the prosecution would be premised; and entered their general demurrer. The prosecutor then stated to the court:

"For the record here, the State would prefer not to be required to make an election, and have both Informations of rape in the first degree, both cases submitted to the jury for their consideration. That if the Court did require and demand that the State make an election, then we would elect to say that in Case No. 34487, that the acts alleged in that Information were the acts committed at the first scene and that in Case No. 34488, that the allegations in that Information pertains to the alleged acts to have been committed at the scene No. 2."

After other remarks were made by counsel for both sides, the Court stated the following:

"THE COURT: Let me rule, gentlemen, and let's get on with it. Let me tell you the basis of my ruling, to treat these as two separate distinctive acts of rape, certainly as to one or more of the defendants, we must examine the question of aiding and abetting and instruct upon each one separately, and I am of the opinion, myself, that *this is one transaction, one series of events that should be taken together* and to do otherwise would be laboriously and hopelessly confusing to this jury, particularly insofar as the defendant Shipp goes. Now, I am going to require you to elect then, Mr. McKinney, upon which first degree rape charge you wish to go to the jury on. I am not going to require you to elect between the three offenses, that being the kidnapping charge. *We will go upon two counts*, first degree rape and kidnapping. And show Mr. McKinney's objection to that ruling and exception." (Emphasis added.)

At that same conference in chambers the Court sustained defendant Shipp's demurrer to the kidnapping charge and gave good and sufficient reasons for his action.

IV.

The brief of defendants Hill and Shipp argues four basic propositions summarized, as follows:

1. Error was committed when the defendants were charged jointly, and were forced to defend two distinct

offenses set forth in separate Informations.

2. That error was committed when the court failed to require the state to elect which first degree rape charge the prosecution would stand on; and when the court failed to instruct the jury to consider only the first act of rape upon which evidence was offered.

3. Error was committed when the court denied the motions for severance, particularly as to defendant Shipp, whose involvement was different from the other two defendants.

4. That the uncorroborated testimony of the prosecutrix was not sufficiently clear and convincing, and free of inconsistencies and contradictions so as to present evidence of such probative value to sustain convictions for first degree rape.

Defendant Brumbelow's brief argues three propositions of error, as follows:

1. The evidence is insufficient to sustain the verdict.

2. The court committed error in interrupting cross-examination of the complaining witness.

3. The court should have required the state to elect on only one of the acts of rape or instructed on the first act.

### V.

■ Considering the sufficiency of the evidence first, which answers the fourth proposition of Hill and Shipp, and the first proposition argued by Brumbelow, the Court considers that the evidence was sufficient. The testimony of the prosecutrix was supported by both circumstantial and direct evidence. The four teen-agers' testimony, concerning Brumbelow's removal of Judy Ann Anderson from the car, was sufficient to convince the jury notwithstanding the denial of two of the defendants, that she was removed against her will. The alleged acts of rape were supported by the doctor's testimony which ver-

ified that the girl had been subjected to sexual relations; and Officer Clark's testimony which described the girl's condition when he found her in the car alone, was consistent with the doctor's testimony. The jury chose to believe the girl's testimony against the defendants; and, notwithstanding the various minor conflicts in her testimony, which was most ably pointed out in the brief of defendant Brumbelow, we believe her testimony was sufficiently clear and convincing to be of probative value. Under the circumstances of this case, a fifteen year old girl may be expected to experience some confusion and to offer some conflicts in the details of her statements when placed in an adult forum, on different occasions and under tense and rigid rules of procedure. By the same token, some conflict is bound to result, when three men force themselves upon a fifteen year old girl at night, on a country road. But the essential and material facts, that the men engaged in sexual relations with her were worthy of credulence and were not confused. In Haga v. State, Okl.Cr., 422 P.2d 221 (1966), this Court held:

"Conviction for rape may be had on uncorroborated testimony of prosecutrix, or on slight corroboration, where the testimony is not inherently improbable or unworthy of credence."

Nonetheless, that fact was one for the jury to resolve; and we believe there was sufficient competent evidence to warrant its submission to the jury.

### VI.

■ Defendants assert error because they were forced to defend two distinct offenses set forth in two separate Informations; and they argue that the statute under which their trial was conducted conflicts with Article II, Section 19, of the Oklahoma Constitution. We do not agree.

Title 22 O.S.1968, Section 436, provides:

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transac-

tion or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately, provided that all of the defendants charged together in the same indictment or information are alleged to have participated in all of the same acts or transactions charged."

Title 22 O.S.1968, Section 438, provides further:

"The court may order two or more indictments or informations or both to be tried together if the offenses and the defendants, if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution was under such single indictment or information."

These sections must be considered along with the provisions of Title 22 O.S.1961, Section 404, which provides:

"The indictment or information must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

In the instant case the defendants could have clearly been charged in one Information for the acts alleged under the provisions of the preceding Section 404. That section not only provides that the Information must charge but one offense, but it also provides the exceptions thereto; i. e., where the same acts may constitute different offenses; or, when the proof may be uncertain as to which of two or more offenses the accused may be guilty of having committed. In the instant case either or both of those conditions were met.

Title 22 O.S.1961, Section 431, provides authority to charge several defendants in one Indictment or Information, as well as the later provision found in Section 436, supra. The provisions of Section 438, supra, are relatively new to the statutes of this State. However, we observe in Wharton's Criminal Procedure, Vol. 5, Section 1943, p. 50, the following:

"The court may order consolidation for trial of indictments in which defendants are charged with crimes of the same class, which are so connected that evidence at the trial of one will be admissible at trial of others."

It is also provided in other jurisdictions that such consolidation authorized by statute is proper and not violative of due process where the crimes committed by one or more defendants arise from the same acts or transaction, the offenses are related or successive, and much of the evidence is applicable to all defendants. People v. McClain, 55 Cal.App.2d 399, 130 P.2d 978 (1942); State v. Brown, Ohio App., 70 Ohio L.Abs. 374, 128 N.E.2d 179 (1954); State v. Mason, 41 Wash.2d 746, 252 P.2d 298 (1953).

## VI.

With reference to the third complaint of Hill and Shipp, that their Motion for Severance should have been granted and that they should have stood trial separately, we do not consider this proposition to be sufficiently supported. While Title 22 O.S.1968, Section 439, provides for relief from prejudicial joinder, the granting of such relief lies within the discretion of the trial judge;[1] and unless an abuse of discretion is shown, such complaint will not be considered as being sufficient for

1. Wharton's Crim.Proc., vol. 5, Section 1944, p. 51.

reversal of the conviction. In this case we find that the trial judge did not abuse his discretion. The record reflects that all parties were heard on the Motions for Severance and failed to convince the court that the defendants would be prejudiced by a joint trial.

Also, we fail to find any affidavits or other supporting evidence to show how the joint trial would prejudice the defendants, and note the following second paragraph of the Syllabus in the case of Nichols v. State, 76 Okl.Cr. 178, 135 P.2d 352 (1943):

"Application for a severance must state sufficient grounds therefor and be supported by oral evidence or affidavits, and must be made before the impaneling of the jury is begun."

### VII.

■ Defendant Brumbelow's complaint concerning the interruption of cross-examination of the prosecutrix is not supported by any authority and will not be considered. Poulton v. State, Okl.Cr., 404 P.2d 69 (1965).

### VIII.

■ Defendants' complaint which asserts that the court should have required the State to elect on only one of the acts of rape upon which it intends to rely for conviction, and if no election is made, then the court on its own motion should have instructed the jury to consider only the first act of rape proved, is not acceptable.

In McManus et al. v. State, 50 Okl.Cr. 354, 297 P. 830 (1931), this Court stated the rule asserted by defendants and then stated the following:

"But in cases of rape by force where two or more persons at the same time and place and as a part of the same common design and purpose, acting together in a continuous transaction, ravish a female, the two or more parties each having sexual intercourse, the rule stated has no application. In the case now under consideration, force is an essential ingredient, and the evidence is that each of the defendants was present during the several acts of intercourse, assisted in the actual perpetration of the crime by holding the prosecutrix and otherwise aiding and abetting. There was one continuous application of force, and, while there was penetration by each of the defendants, it was in fact a single continuous transaction."

Under the facts of this case, we believe the McManus rule to be applicable. Likewise, it is immaterial whether or not all three defendants actually accomplished penetration the first time the car was stopped, according to the testimony they all three participated in the continuous act of rape. Also, but for the oncoming automobile, there is little doubt but that all three defendants would have accomplished the act the first time they stopped their vehicle. See also: Shapard v. State, Okl.Cr., 437 P.2d 565, at page 610 (1968).

### IX.

■ At this point it seems pertinent to make reference to the earlier remarks of the prosecutor, when the special motions were being considered prior to commencement of trial. In defense of the filing of three separate Informations, the prosecutor said:

"MR. McKINNEY: The kidnapping is what put in motion the rape cases also, because as she was pulled out of the car and placed in the car of the three defendants then they drove to a spot where the first rape occurred, and it is all a part—in other words, let's say today we tried the rape case and we are going to have to show how she got to the scene of the rape, and by doing that we are going to have to show the kidnapping, and it is proper evidence."

The prosecutor was saying in substance, that the kidnapping charge was also part of the res gestae of the rape charge, and we believe he was correct. The kidnapping and rape of the prosecutrix was one transaction. A careful analysis of Title 22 O.S. 1961, Section 404, reveals that it provides that the Indictment or Information must

charge but one offense; and it also provides that when an Information is properly laid in "counts" the court or jury may find all or either of the persons guilty of either of the offenses, but not for all of them. In Harris v. State, 74 Okl.Cr. 13, 122 P.2d 401 (1942), this Court provided:

"Only one offense may be stated in an information; but where the same acts may constitute different offenses or the proof may be uncertain as to which of the two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same information; and the accused may be convicted of either offense. He may not be convicted of two offenses under one information."

Insofar as the jury returned two verdicts in this case, as they pertain to Lindell Wayne Hill, and David R. Brumbelow, finding them guilty of Kidnapping, and also for the offense of First Degree Rape, we believe the proper administration of justice will best be fulfilled by vacating and setting aside the Judgments and Sentences for the offense of Kidnapping.

After a careful and extensive examination of the record of trial we believe that the defendants received a fair trial on the First Degree Rape Charge, and that the record is sufficiently clear of error that the conviction for that offense should not be disturbed; and we can see no justification for granting a new trial on that charge, insofar as the evidence pertaining to the Kidnapping charge also pertained to the Rape charge.

It is therefore the order of this Court, that the Judgments and Sentences entered in District Court of Oklahoma County, case No. 34486, on October 14, 1968, in which Lindell Wayne Hill and David B. Brumbelow were sentenced to serve ten (10) years confinement in the State Penitentiary for the crime of Kidnapping, is hereby set aside, vacated and to be held for naught; and further, the Warden of the State Penitentiary is directed to cause the penitentiary records to reflect that said Judgments and Sentences shall not be fulfilled by the two said defendants.

We are further of the opinion that the Judgments and Sentences entered in District Court of Oklahoma County, case No. 34487, on October 14, 1968, in which Plaintiffs in Error Lindell Wayne Hill, David B. Brumbelow, and Wesley Shipp, were convicted for the crime of First Degree Rape, and were sentenced to serve twenty-five (25) years confinement in the State Penitentiary, should be and the same are hereby affirmed.

NIX, J., concurs.

BUSSEY, Presiding Judge (concurring in part; dissenting in part).

I concur that the judgments and sentences rendered against David B. Brumbelow, Lindell Wayne Hill and Wesley Shipp should be affirmed, but I respectfully dissent from that portion of the opinion vacating the judgments and sentences rendered against Lindell Wayne Hill and David B. Brumbelow for the crime of Kidnapping and would affirm the same. Although a part of the same transaction, the crimes of Kidnapping and Rape are, in my opinion, separate and distinct offenses.