Robert Louis THOMPSON, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–461.

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1977.

George Briggs, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BLISS, Judge:

This is an appeal from the District Court, Payne County, CRF–75–91, 92, 93, wherein Robert Louis Thompson, hereinafter referred to as defendant, was charged with three separate offenses, to wit, Rape in the First Degree, 21 O.S.1971, § 1114; Sodomy, 21 O.S.1971, § 886; and, Kidnapping, 21 O.S.1971, § 741. The three cases were agreeably consolidated for trial. He was convicted by a jury for the following offenses: Assault With Intent to Commit Rape, punishment assessed at five (5) years' imprisonment; Sodomy, punishment assessed at nine (9) years' imprisonment; and, Kidnapping, punishment assessed at four (4) years' imprisonment. The trial judge issued a judgment against defendant with all sentences to run consecutively. From these judgments and sentences, a timely appeal was perfected to this Court.

No briefs were filed in support of the petition in error in the time provided by law, or valid extension thereof, and on the 23rd day of October, 1976, this cause was summarily submitted under Rule 1.9 of the Rules of this Court, which provides:

"When briefs are not filed, or when an appearance is not made, the cause will be submitted for fundamental error only; . . ."

The record has been carefully examined for fundamental error and, having found no such error which would justify modification or reversal, we are of the opinion that the judgments and sentences appealed from should be, and are, hereby, AFFIRMED.

BUSSEY, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring.

As I view these convictions, this is another instance when the three charges should have been filed as separate counts in one information, as provided for in 22 O.S.1971, § 404. This defendant was accused of forcing the prosecutrix, a freshman student at Oklahoma State University, into his car and later forcing her to attempt to engage in sexual relations with him; and, finally, allegedly requiring her to perform oral sodomy. Defendant testified in his own behalf, and denied each allegation. He asserted that the prosecutrix entered his automobile voluntarily, drank beer and smoked cigarettes with him in the parking lot, and then they proceeded to an oil lease

outside Stillwater, Oklahoma, where the alleged crimes occurred. The jury believed him with reference to the sexual intercourse, because the verdict was returned as Assault With Intent to Commit Rape. Other circumstances were entered into the testimony that implied some degree of violence and lack of cooperation on the part of the prosecutrix. The defendant also admitted to a conviction in Nevada for Involuntary Homicide. Consequently, the jury had sufficient facts to reach a verdict on the charges alleged.

However, I believe this was a single transaction of events and should have been charged in one information. The situation is confused, however, because defense counsel agreed to the consolidation of the three informations at one trial. Therefore, it may be said that the defendant waived his right to be confronted with one information under the provisions of 22 O.S.1971, § 404. The defendant must enter his objections to procedural matters in order to preserve them on appeal. Nonetheless, I still believe the proper administration of justice requires prosecutors to utilize the proper statutes in matters of this nature. See, *Brumbelow v. State*, Okl.Cr., 488 P.2d 1298 (1971), and *Lawson v. State*, Okl.Cr., 484 P.2d 900 (1971). Therefore, on the basis of this waiver, I am forced to concur in this decision.